# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vanoka J. Washington,                                Civ. No. 16-4100 (JRT/BRT)

             Plaintiff,

v.                                                   **REPORT AND RECOMMENDATION**

BNSF Railway "John Doe" Owner -
Partner(s) - et al.; Respondeat Superior
"John Doe" BNSF Railway Engineer -
Inspector - Employee,

             Defendants.

Plaintiff Vanoka J. Washington brings this action pursuant to 42 U.S.C. § 1983 for injuries suffered on account of the alleged negligence of a private railroad operator and its employee. Washington did not pay the required filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 3.) That IFP application is now before the Court and must be considered before any other action is taken in this matter.

After review of the IFP application, this Court is satisfied that Washington qualifies financially for IFP status. That said, an IFP application will also be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on

appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Washington's Complaint as pleaded fails to state a claim. "Because a section 1983 claim applies to a state action, and the defendants are private citizens," Washington "'must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy.'" *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 670 (8th Cir. 2012) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005)). Even accepting every factual allegation as true, the Complaint establishes neither of these two prongs. First, although Washington alleges that he was injured as a result of Defendants' negligence,

Washington does not adequately plead a deprivation of his *constitutional* rights.[1] Second, Washington does not allege the involvement of any state official in the events at issue in the Complaint, nor does Washington allege an unlawful conspiracy between state actors and Defendants.

More accurately characterized, Washington is attempting to raise state-law claims (such as negligence) in this action, not § 1983 claims. There is no basis from the Complaint, however, to believe that the Court has jurisdiction over any claims that might be brought by Washington against Defendants under state law. Such claims would not raise a federal question sufficient to invoke 28 U.S.C. § 1331 as a basis for jurisdiction. Moreover, Washington does not allege the state of citizenship of the parties, and thus, based on the facts pleaded in the Complaint, 28 U.S.C. § 1332(a) does not supply a basis for jurisdiction either.[2]

---

[1] Washington does claim that the actions of the Defendants amounted to deliberate indifference to his safety in violation of the Eighth Amendment, but in doing so, he relies on cases pertaining to the adequacy of prisoners' conditions of confinement. (*See* Doc. No. 1, Compl. at 3.) Deliberate-indifference claims raised by prisoners raise the specter of inappropriate or excessive punishment by the state and therefore fall within the scope of the Eighth Amendment and § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 102–05 (1976). No such possibility of cruel and unusual punishment within the sense of the Eighth Amendment is presented by this case.

[2] Washington provides an Illinois address of residence in the Complaint. But even assuming that Illinois is also the state of Washington's citizenship (a fact not alleged), Washington does not allege the state of citizenship of either the corporate Defendant or the John Doe employee of that company. "[T]he Court cannot simply presume diversity is present and the proponent of jurisdiction cannot prove diversity without some indication of the Does' citizenship." *Peterson v. Hamilton Mortg. Co.*, No. 8:13-CV-115, 2013 WL 3457959, at *2 (D. Neb. July 8, 2013).

Washington's federal-law claim—the lone claim raised in the Complaint —is not viable, and there is no jurisdictional basis pleaded in the Complaint for any state-law claims presented by this lawsuit. Accordingly, it is hereby recommended that this action be dismissed and that Washington's IFP application be denied. The recommendation of dismissal is without prejudice, however, to Washington's rights to pursue relief under state law. Finally, because, under the circumstances of this case, appointed counsel is unlikely to be of assistance to the Court and Washington is able to communicate his claim, it is also recommended that Washington's motion for appointment of counsel be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This matter be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Vanoka J. Washington's application to proceed *in forma pauperis* (Doc. No. 3) be **DENIED**; and

3. Washington's motion for appointment of counsel (Doc. No. 4) be **DENIED**.

Dated: January 6, 2017         *s/ Becky R. Thorson*
                               BECKY R. THORSON
                               United States Magistrate Judge

# **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.